UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE BURNS a/k/a DEBBIE FAYE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY L. SMITH, JR., RICHARD L. SMITH, and CORA DAVIS,<br><br>Defendants. | Case No. 3:18-cv-00561<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

The Court's referral order in this action authorizes the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct further proceedings as necessary under Federal Rule of Civil Procedure 72(b) and the Court's Local Rules. (Doc. No. 6.)

This case appears to concern pro se Plaintiff Debbie Burns's attempts in various state courts to prove that she was the common law wife of decedent Jimmy L. Smith under South Carolina law (Doc. No. 1, PageID# 6–54). Some of the confusion in assessing the nature of Burns's claims arises from the fact that Burns filed this action using a template complaint designed for prisoners alleging civil rights violations under 42 U.S.C. § 1983. (*Id.* at PageID# 1–5.) Burns does not appear to be incarcerated, nor does she appear to allege deprivation of any specific constitutional or other federal right under color of state law. Rather, to the extent the Court can decipher the collection of documents that make up Burns's complaint, Burns appears to take issue with two state court

judgments: a judgment from the Monroe County, Tennessee, Probate Court holding that Burns failed to establish that she was Smith's common law wife and heir under applicable South Carolina law (*id.* at PageID# 39–42), and a judgment from the Tennessee Court of Appeals affirming the Monroe County probate court's judgment as modified, notwithstanding a declaratory judgment from the Charleston County, South Carolina, Probate Court holding otherwise (*id.* at PageID# 15–26; *see also id.* at PageID# 35, 37–38).

As explained herein, it appears that this Court lacks subject-matter jurisdiction over Burns's complaint. (Doc. No. 1.) The Magistrate Judge therefore RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(h)(3) and that Defendant Cora Davis's motion to dismiss for failure to state a claim (Doc. No. 8) be FOUND MOOT.

I.  **Factual and Procedural Background**

   A.  **Burns's Complaint**

Burns's complaint consists of two very different types of documents: The first is a template form from the Eastern District of Tennessee designed to help state prisoners file complaints for violations of their federal civil rights under 42 U.S.C. § 1983,[1] which Burns partially completed and signed. (*See* Doc. No. 1, PageID# 1–5.) The second is a collection of copies of civil judgments and related briefing from state courts in Tennessee and South Carolina regarding the administration of decedent Jimmy L. Smith's estate. (*See id.* at PageID# 6–54). Other than her use of the template complaint for prisoners, nothing in the record suggests that Burns is or has been incarcerated.

---

[1]  *See* Complaint for Violation of Civil Rights, U.S. District Court for the Eastern District of Tennessee, https://www.tned.uscourts.gov/sites/tned/files/forms/complaint_revised.pdf (last visited Feb. 12, 2019).

Using this template, Burns lists herself as the plaintiff in this action and names three defendants: Cora Davis, who appears to be decedent Jimmy L. Smith's sister, and Jimmy L. Smith, Jr. and Richard L. Smith (the Smith Defendants), who appear to be the decedent's sons. (*Id.* at PageID# 1, 16.)[2] On lines provided to describe any other lawsuits in state or federal court dealing with the same facts, Burns lists herself as a prior petitioner/plaintiff and the Smith Defendants as prior respondents/defendants in a lawsuit filed in Charleston County, South Carolina, court in September 2015:

> I. PREVIOUS LAWSUITS
>
> A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? YES ( ) NO ( )
>
> B. If your answer to A is YES, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)
>
> 1. Parties to the previous lawsuit:
>
> Petitioner Plaintiffs: Debbie Burns a/k/a Debbie Faye Smith
>
> vs. Respondents Defendants: Jimmy L. Smith, Jr. and Richard L. Smith
>
> 2. COURT: (If federal court, name the district; if state court, name the county): State of South Carolina County of Charleston
>
> 3. DOCKET NUMBER: 2015-ES-10-1454
>
> 4. Name of Judge to whom case was assigned: Tamara C. Curry
>
> 5. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
>
> 6. Approximate date of filing lawsuit: September 14, 2015
>
> 7. Approximate date of disposition: _____

---

[2] Of these three defendants, only Davis has been served in this action. (*See* Doc. No. 5.)

(*Id.* at PageID# 1–2.)

On the next page of the template, in a space provided to describe the result of any complaints to prison authorities, Burns writes: "ordered, adjudged and decreed to all spousal rights as an heir of the Estate of Jimmy Leon Smith[.]" (*Id.* at PageID# 3.) This appears to be a reference to the February 12, 2016, result of the South Carolina lawsuit, in which the Charleston County Probate Court "**ORDERED, ADJUDGED AND DECREED** that Petitioner Debbie Burns a/k/a Debbie Faye Smith was the common law spouse of the Decedent, Jimmy Leon Smith, and that as such, Petitioner is hereby entitled to all spousal rights as an heir of the Estate of Jimmy Leon Smith." (*Id.* at PageID# 38 (emphasis in original).)

Finally, in the lines provided for a statement of her claims, Burns writes:



(*Id.* at PageID# 4.) Burns left the "relief" section of the template blank. (*Id.* at PageID# 5.)

The remaining forty-nine pages of Burns's complaint include what appear to be copies of: the February 12, 2016 order from the Charleston County, South Carolina, Probate Court holding that Burns was decedent Jimmy L. Smith's common law wife under South Carolina law (*id.* at

4

PageID# 35, 37–38); an October 25, 2016 order from the Monroe County, Tennessee, Probate Court holding that Burns failed to establish that she was the decedent's common law wife and heir under South Carolina law (*id.* at PageID# 39–42);[3] two of Burns's filings in the Monroe County probate proceedings (*id.* at PageID# 43–52); an October 4, 2017 judgment from the Tennessee Court of Appeals affirming the Monroe County order as modified (*id.* at PageID# 15–26); and what appears to be a legal brief seeking permission to appeal the Tennessee Court of Appeals' judgment to the Tennessee Supreme Court (*id.* at PageID# 6–14, 27–34, 53–54).[4]

### B. Davis's Motion to Dismiss

On July 23, 2018, Defendant Davis filed a motion to dismiss Burns's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8.) Davis acknowledges the tension between Burns's choice to plead under 42 U.S.C. § 1983 and the fact that her claim "apparently has something to do with the Estate of Jimmy Smith[.]" (*Id.* at PageID# 71.) Davis argues that Burns's "complaint fails to identify with any particularity what civil right was violated," fails to explain "how . . . Defendant [Davis] was acting under color of law[,]" and fails "to seek any form of relief." (*Id.*; *see also id.* at PageID# 73.) Davis also argues that venue in this Court is improper under 28 U.S.C. § 1391 because Davis resides in the Eastern District of Tennessee and events relating to Jimmy L. Smith's estate largely took place in that district. (*Id.* at PageID# 72.)

---

[3] The final Monroe County judgment issued on October 25, 2016, but, according to the Tennessee Court of Appeals' opinion included in Burns's complaint, "the hearing in Monroe County occurred on January 11, 2016, prior to the ruling by the South Carolina court[.]" (Doc. No. 1, PageID# 18.)

[4] The legal brief in Burns's complaint is not file-stamped, and there is no other indication in the record that Burns filed an appeal in the Tennessee Supreme Court.

## II.     Legal Standard

Before reaching the merits of Davis's motion or Burns's complaint, this Court must first determine whether it has subject-matter jurisdiction to hear Burns's case. *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) ("Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim."); *see also George v. Haslam*, 112 F. Supp. 3d 700, 706 (M.D. Tenn. 2015) ("[A] court must address 'questions pertaining to its jurisdiction before proceeding to the merits[.]'" (quoting *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005))). Even where, as here, the parties do not raise issues of subject-matter jurisdiction themselves, the Court has an independent obligation to ensure that it has jurisdiction before considering the action's merits. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Federal courts are courts of limited jurisdiction, meaning that they are empowered to hear only cases that fall within the judicial power of the United States as defined by the Constitution or matters specifically committed to their authority by an act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all cases, in law and equity, arising under this Constitution [and] the laws of the United States," as well as to several other categories of cases not at issue here. U.S. Const. art. III, § 2, cl. 1.[5] In accordance with Article III, Congress has granted federal courts two main types of subject-matter

---

[5]     For example, cases involving ambassadors, public ministers and consuls, and cases between two states or in which the United States is a party also fall within the scope of federal court jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1.

6

jurisdiction. The first, commonly known as federal question jurisdiction, gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, known as diversity jurisdiction, grants federal courts jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Courts must presume that a case lies outside of this limited jurisdiction, and the burden to prove otherwise falls on the party invoking jurisdiction. *Kokkonen*, 511 U.S. at 377; *Bailey v. U.S.F. Holland, Inc.*, No. 3:15-cv-0025, 2015 WL 2125137, at *6 (M.D. Tenn. May 6, 2015). If, at any time, a court determines that it lacks subject-matter jurisdiction over an action, the Federal Rules of Civil Procedure require that "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

**III.     Analysis**

Burns's complaint does not specifically invoke either federal question or diversity jurisdiction. Even construing Burns's allegations liberally in light of her pro se status, *see Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), the Court finds that she has failed to plead sufficient facts to establish subject-matter jurisdiction under either 28 U.S.C. § 1331 or § 1332(a).

   **A.     Federal Question Jurisdiction Under 28 U.S.C. § 1331**

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hudgins Moving & Storage*

7

Case 3:18-cv-00561    Document 11    Filed 02/12/19    Page 7 of 10 PageID #: 83

*Co. v. Am. Express Co.*, 292 F. Supp. 2d 991, 1002 (M.D. Tenn. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Although this rule focuses on the plaintiff's allegations, "it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).

Here, Burns casts her claims as a complaint for violation of civil rights under 42 U.S.C. § 1983 (*see* Doc. No. 1, PageID# 1), but her allegations regarding defendants and state probate proceedings in Tennessee and South Carolina cannot reasonably be construed to arise under that statute. Section 1983 provides a civil cause of action to any person deprived of federal rights by a person acting under color of state law. 42 U.S.C. § 1983; *Green v. Throckmorton*, 681 F.3d 853, 859–60 (6th Cir. 2012). None of the three individual defendants Burns names appears to be a state actor, and Burns has not explained how the defendants violated any of her federal rights by opposing her efforts in state court to be named Smith's common law spouse and heir. What appears to be "[a] mere incidental reference" to Section 1983 in Burns's complaint is not sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. *Mullen v. City of LaVergne*, No. 3:16-00950, 2017 WL 931651, at *2 (M.D. Tenn. Mar. 9, 2017); *see also Liu v. Runyan*, 46 F. App'x 253, 254 (6th Cir. 2002) (affirming dismissal of Section 1983 action for lack of subject-matter jurisdiction where plaintiff "did not allege that [defendant] was a state actor").

The only other mention of federal law in Burns's complaint appears to be the Tennessee Court of Appeals' discussion of the full faith and credit clause of the United States Constitution, U.S. Const. art. IV, § 1, in determining whether the Charleston County, South Carolina, court's declaratory judgment had preclusive effect in Tennessee. (Doc. No. 1, PageID# 24–26.) To the extent Burns's complaint can be construed to seek review of the Tennessee Court of Appeals'

decision, this Court lacks jurisdiction over such a claim. *See Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) ("The *Rooker–Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court.").

Accordingly, Burns has not carried her burden to establish that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

### B. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

Diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy of more than $75,000, "must be apparent from the face of the Complaint[.]" *Evans v. Green Tree Servicing LLC*, No. 2:16-cv-00067, 2017 WL 4553419, at *1 (M.D. Tenn. July 17, 2017) (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 779 (6th Cir. 2004)). Burns has not established that the she and the defendants in this action reside in different states. She lists her home address as Madisonville, Tennessee (Doc. No. 1, PageID# 3, 53–54), provides a residential mailing address for Defendant Davis in Sweetwater, Tennessee (*id.* at PageID# 52), and fails to allege any facts that would allow this Court to find that either of the Smith Defendants do not reside in that state. Moreover, Burns has not alleged any facts that would allow this Court to conclude that the amount in controversy here exceeds $75,000. Burns therefore has not carried her burden to establish that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. Dismissal

Once the Court determines that it lacks jurisdiction, it must dismiss the action without considering the merits. Fed. R. Civ. P. 12(h)(3); *Chase Bank USA, N.A.*, 695 F.3d at 553. While courts generally afford the plaintiff an opportunity to amend a complaint prior to dismissal, such an opportunity is neither necessary nor appropriate where, as here, the "complaint is 'totally
9

implausible, attenuated, unsubstantial, frivolous, [or] devoid of merit,'" and "the district court has determined that it lacks subject matter jurisdiction over the action." *Liu*, 46 F. App'x at 254 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). Because Burns's complaint offers no basis from which to extrapolate viable federal claims, dismissal is appropriate here.[6]

IV.     **Recommendation**

Because this Court lacks subject-matter jurisdiction, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(h)(3) and that Defendant Davis's motion to dismiss for failure to state a claim (Doc. No. 8) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 12th day of February, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[6] Should the Court determine on review that subject-matter jurisdiction does exist, dismissal would still be warranted on the merits of Burns's allegations, as Davis argues in her motion to dismiss. Burns's failure to allege either that defendants were state actors or that they violated her constitutional or other federal rights is fatal to any purported claim under 42 U.S.C. § 1983. *See, e.g.*, *Sanderfield v. Snowden*, No. 3:18-cv-00512, 2018 WL 3304523, at *3 (M.D. Tenn. July 5, 2018) (dismissing Section 1983 claim where plaintiff's complaint "fail[ed] to establish that any of the individual defendants are 'state actors' for purposes of . . . 42 U.S.C. § 1983" and did "not identify specific facts showing that any named defendant violated the plaintiff's constitutional or other rights").